Yimin Chen, Esq.
Law Offices of Chen & Associates, P.C.
39-15 Main Street, Suite 502
Flushing, NY 11354
T: (718)886-1858
F: (800)490-0564
*Attorney for Plaintiff FINGER LAKE LLC*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------)
FINGER LAKE LLC, an American corporation, ) Case No.
                               Plaintiff, ) COMPLAINT FOR:
     vs. ) IMMIGRATION FRAUD
QIANG TU, an individual )
                             Defendant.)
---------------------------------------------------------)

Plaintiff, Finger Lake LLC, by and through their undersigned attorney, bring this action and allege herein as follows:

## THE PARTIES

1. Plaintiff Finger Lake LLC is a domestic limited liability company existing under and by virtue of the laws of the State of New York with its principal place of business located at 2671 Coring Road, Horseheads, New York 14845.

2. At all times hereinafter mentioned and upon information and belief, Defendant Qiang Tu, was and may continue to be a resident of 102 S. Skyward Drive, Newark, Delaware 19713.

## JURISDICTION AND VENUE

1

3. This Court has jurisdiction over this action pursuant to 28 U.S.C §§ 1332(a) and (c)(1), because it raises a controversy between citizen of a state and citizen of a foreign state, and because the amount in controversy thereunder exceeds the sum or value of $75,000, exclusive of interest and costs. The Court also has jurisdiction pursuant to 28 U.S.C § 1331 as the claim arises under Federal Law.

4. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391(a) and (c). Upon information and belief, Defendant Qiang Tu is a resident of the State of Delaware. A substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

5. Plaintiff hereby incorporates by reference all prior allegations as though fully set forth herein.

6. Finger Lake was formed on January 8, 2013 for the purpose of operating a chain hotel, the Best Western.

7. Finger Lake purchased the two properties known as and located at 2671 and 2671R Coring Road, Horseheads, New York 14845 (the "Properties") on or about August 13, 2013, for the purpose of constructing a Best Western chain hotel (the "Project").

8. Upon information and belief, in June of 2015, Qiang Tu, through his friend, approached the general manager of Finger Lake, to express his interest in purchasing certain membership interest in Finger Lake.

9. Specifically, Qiang Tu offered to invest $500,000.00 in Finger Lake so that his investment could be a Qualifying Investment under the Immigrant Investor Program

("EB-5 Program") administered by the United States Citizenship and Immigration Services.[1]

10. At that time Finger Lake needed more capitalization to finish the Project earlier.

11. Qiang Tu initially proposed a membership transfer agreement in Chinese ("Chinese agreement) which was signed by Qiang Tu, general manager Li Shen and the sole member of Finger Lake Suwei Yang ("Yang") on August 18, 2015. A copy of the Chinese agreement is attached as Exhibit "A".

12. Upon further review by Qiang Tu's attorney, Andy Wong, Esq. of Law Offices of Andy Wong of the above agreement, Qiang Tu was advised to terminate the above Chinese agreement and enter into a formal membership purchase agreement.

13. On or about August 28, 2015, Qiang Tu and Yang entered into a Membership Interests Purchase Agreement ("the Agreement"). A copy of the Agreement is attached as Exhibit "B".

14. Pursuant to the Agreement, Qiang Tu invested $500,000 in exchange for 7.15% of the membership interest of Finger Lake.

15. Pursuant to the Agreement, Qiang Tu agreed to share in the profit and loss of Finger Lake.

16. Thereafter, Qiang Tu, through his attorney, Andy Wong of Law Offices of Andy Wong, filed an initial petition for adjustment of status or admission to the United States on form I-526, together with supporting documentation.

---

[1] The EB-5 Program provides visas and conditional permanent residency to foreign investors who under certain terms and conditions, create full-time employment in the United States. See http://www.uscis.gov/eb-5 (site visited May 2, 2019); 8 U.S.C. §1153(b)(5)

17. Upon information and belief, Tu filed his I-526 Immigrant Petition by Alien Entrepreneur to U.S. Citizenship and Immigration Services ("USCIS") based on the Agreement ("I-526 Petition"). A copy of the receipt for Tu's I-526 Immigrant Petition by Alien Entrepreneur is attached as Exhibit "C".

18. Upon information and belief, Tu's I-526 Petition is currently pending with USCIS.

19. Shen, Yang and Finger Lake have exercised best efforts to cooperate with Qiang Tu and his attorney in the preparation and submission of Tu's immigrant visa petition under the EB-5 Program.

20. In or around September of 2018, Tu suddenly notified Shen that he wished to abandon his immigrant visa petition under the EB-5 Program and demanded the return of his $500,000.

21. Shen advised Tu that if he wished to withdraw as the member of Finger Lake, Tu should follow the proper procedure under the New York laws. Shen further advised Tu that Finger Lake had not guaranteed either a rate of return or repayment of his investment pursuant to the Agreement.

22. Thereafter, Tu filed a lawsuit against Finger Lake, Shen and Yang on January 2, 2019 with the Supreme Court of State of New York, Chemung County, alleging one count of fraud against Shen and Yang and one account of breach of contract against Finger Lake. A copy of the Summons and Complaint is attached as Exhibit "D".

23. In his complaint, Tu alleged, among other things, that Shen and Yang made false allegations that Finger Lake had the licensing/franchise rights to build a four-story, 100-room Best Western hotel at the Properties.

24. Tu further alleged that Finger Lake was under-capitalized, had insufficient working capital to meet its debt obligation and finish the Project.

25. Tu also tried to enforce the terminated Chinese agreement for the return of his investment even though that agreement had been terminated and superseded by the Agreement dated August 28, 2015.

26. On or about April 5, 2019, the local newspaper, WENY News reported Tu's lawsuit, stating that Tu accused "Shen and Yang never actually intended to ever build a hotel, and the construction is nothing more than just an illusion to other potential immigrant investors."

27. Tu further contacted the District Attorney's Office of Chemung County to report his alleged claims against Shen, Yang and Finger Lake.

28. Moreover, Tu served the Summons and Complaint upon the New York Secretary of State with the wrong office address. Tu's counsel knew Finger Lake's actual office and principal place of business but never attempted service of process t at that address, which resulted in Finger Lake's failing to timely interpose an answer.

29. On February 22, 2019, a default judgment in the amount of $712,766.80 was entered against Finger Lake. The amount claimed in Summons and Complaint was $540,000, the interest was at $133.15 per day (9%) from August 8, 2015 to February 21, 2019. A copy of the default judgment is attached as Exhibit "E".

30. On March 14, 2019, Finger Lake filed an Order to Show Cause to vacate the default judgment and to change venue of the action to New York County.

31. On June 26, 2019, Hon. Christopher P. Baker signed a Decision and Order which denied Finger Lake's motion to vacate the default judgment, denied motion to dismiss the fraud

cause of action, denied motion to change venue to New York County. A copy of the decision and order is attached as Exhibit "F".

32. On May 2, 2019, Finger Lake filed a lawsuit against Qiang Tu with the Supreme Court of the State of New York, New York County, for defamation, intentional infliction of emotional distress, and breach of fiduciary duty. A copy of the Summons and Complaint is attached as Exhibit "G".

## FIRST CAUSE OF ACTION

### Immigration Fraud

33. Plaintiff realleges and incorporates herein by reference the above paragraphs of this Complaint as if set forth herein in full.

34. To state a claim for immigration fraud it must be pled with particularity and "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Fed. R. Civ. P. §9(b)*; *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.,* 385 F.3d 159, 178 (2nd Cir. 2004).

35. The representations made by Tu in his lawsuit in New York State Supreme Court, Chemung County were in fact false. When Tu entered into the Agreement set forth herein, he knew the Chinese agreement was terminated and he knew the terms of the Agreement, Tu falsely and intentionally used the Chinese agreement to support his lawsuit nevertheless.

36. The Chinese agreement did not meet the "at risk" requirement pursuant to the 8 CFR 204.6(j)(2).[2] The "at risk" requirement means for investors, there is no guarantee that the capital which they invested will be returned to them. The Chinese agreement promised return of the funds which would made Tu's investment disqualified as an EB-5 investment.

37. Tu submitted the Agreement in support of his I-526 Petition and certified under penalty of perjury that all of the information contained in, and submitted with, his petition, and all of this information is complete, true, and correct.

38. However, Tu filed the action against Finger Lake in the Supreme Court of State of New York, Chemung County, trying to enforce the Chinese agreement, without disclosing the Agreement he submitted and relied on in support of his I-526 petition which contracted and invalidated the Chinese agreement.

39. As a result of Tu's fraudulent statement, Finger Lake has been damaged in the sum of more than $712,766.80.

WHEREFORE, Plaintiff Finger Lake prays for judgment as follows:

a. For damages in the sum of $712,766.80;

b. For punitive damages in accordance with the Defendant's fraudulent behavior;

c. For the recovery of attorney's fees associated with the cause of action;

d. Any and all other relief that the Court deems just and proper.

---

[2] 8 CFR 204.6(j)(2) To show that the petitioner has invested or is actively in the process of investing the required amount of capital, the petition must be accompanied by evidence that the petitioner has placed the required amount of capital at risk for the purpose of generating a return on the capital placed at risk. Evidence of mere intent to invest, or of prospective investment arrangements entailing no present commitment, will not suffice to show that the petitioner is actively in the process of investing. The alien must show actual commitment of the required amount of capital.

Date: July 15, 2019

    /s/ Yimin Chen
Yimin Chen
Attorney for Plaintiff Finger Lake LLC
39-15 Main Street, Suite 502
Flushing, NY 11354
(718)886-1858